DAY LUMBER & MANUFACTURING COMPANY v. CITIZENS' BANK.

[48 South. 727.]

JUDGMENT BY DEFAULT. *Entry of appearance. Several defendants. No process served on one. Order of court.*

In a suit against several defendants, upon one of whom there was no valid service of process, a judgment by default cannot be maintained against the one not served predicated alone of an order of the trial court allowing "defendants" time within which to plead, although taken after the expiration of the time allowed.

FROM the circuit court of Hancock county.

HON. WILLIAM H. HARDY, Judge.

The Citizens' Bank of Poplarville, appellee, was plaintiff in the court below; the Day Lumber & Manufacturing Company, appellant, and several others were defendants. From a judgment by default against all of the defendants the Day Lumber & Manufacturing Company appealed to the supreme court.

Service of process was had upon all of the parties defendant except the Day Lumber & Manufacturing Company. The order of court upon which it was sought to predicate the judgment against appellant was as follows:

"In this cause it is ordered that the defendants be allowed sixty days in which to plead to the declaration, as of this term." The judgment appealed from was rendered at a term of the court subsequent to the one at which the order was made.

*Will A. Parsons,* for appellant.

It is elementary law that before judgment by default can be rendered against any party, the record, of which the judgment is a part, must show that such party has been properly served with process of the court rendering the judgment, if the suit originated in such court. *Potts v. Hines,* 57 Miss. 736; *Ingersoll v. Ingersoll,* 42 Miss. 155; *Erwin v. Carson,* 54 Miss. 282; *Moody v. McDuff,* 58 Miss. 751; *Gibson v. Currier,* 83 Miss. 234, 35 South. 315.

The officer's return must of itself show sufficiently that proper service was made. *Rankin v. Dulaney,* 43 Miss. 197; *Hargus v. Bowen,* 46 Miss. 72; *Campbell v. Hays,* 41 Miss. 581; *Dogan v. Barnes,* 76 Miss. 568, 24 South. 965.

Where service of process is to be made upon a corporation, service must be made upon its representative agent or officer. It is a general rule that in a suit against a corporation it must appear of record that the person on whom the process was served was, at the time, occupying such a relation to the corporation that the service could be legally made upon him. 19 Ency. Pl. & Pr. 654; 22 Am. & Eng. Ency. Law (1st ed.), 175; *Williams v. Downs,* 30 Tex. 51; *Botsford v. O'Connor,* 57 Ill. 72; *Haley v. Hannibal, etc., Railroad Co.,* 80 Mo. 112.

In the case of *Southern Express Co. v. Hunt,* 54 Miss. 664, this court held that the return of the officer, where it showed service on an agent of an express company under the laws of 1873, was insufficient unless it also showed the facts which

made service upon such agent legal. See also *Lamb v. Russell,* 81 Miss. 382, 32 South. 916.

Appellant is a Louisiana corporation, as shown in the declaration. No notice was mailed to appellant, as required by Code 1906, § 920, providing that judgment by default shall not be taken until thirty days after dates of the filing of the notice.

*Shivers & Shivers,* for appellee.

We do not deny the correctness of the law quoted by learned counsel for appellant, and we admit that, if the return of process alone be looked to, this court would hold the default judgment invalid. But there are other ways whereby a party defendant may be brought within the jurisdiction of the court than by the service of process. For instance, a voluntary appearance of a defendant will waive necessity for service of process upon him. *Solomon v. Compress Co.,* 70 Miss. 822, 12 South. 850; *Memphis, etc., R. Co. v. Glover,* 78 Miss. 467, 29 South. 89.

As the record discloses an order allowing all of the defendants named in the declaration a time certain wherein to plead, it must be held that appearance was entered for all of the defendants.

FLETCHER, J., delivered the opinion of the court.

It is conceded by appellee that the service of process in this case will not support a judgment by default; but it is insisted that appellant entered an appearance in the cause, which cures the defect in the service. Doubtless this view of the law is correct; but the trouble is that there is no evidence in the record to show that this particular appellant entered such appearance. The appearance was manifestly entered by the other defendants, sued jointly with appellant; but it is too clear for argument that this appearance cannot affect appellant.

*Reversed and remanded.*